Copies to: Judge
AUSA – Special Proceedings
Dft.

FOR THE DISTRICT OF COLUMBIA

Crim. No. 03-511(RWR)

RICKEY L. TALLEY

PETITIONER

v.

UNITED STATES OF AMERICA

RESPONDENT.

**FILED**

DEC 1 9 2011

Clerk, U S District & Bankruptcy
Courts for the District of Columbia

---

MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

---

IN REFERENCE TO: U.S.S.G. AMENDMENTS 750 AND 706

**RECEIVED**

DEC 2 7 2011 *in the Criminal Division M.L.P.*

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**RECEIVED**

DEC 2 2 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RECEIVED
Mail Room

DEC 1 9 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# TABLE OF CONTENTS

I.    MOTION TO REDUCE SENTENCE PURSUANT TO TITLE 18 U.S.C. §
      3582(c)(2)                                                          1

II.   THE FAIR SENTENCING ACT                                            2

III.  FACTUAL BACKGROUND AND FINDINGS                                    4

IV.   THE AMENDED GUIDELINE RANGE PURSUANT TO AMENDMENT
      750 AND 706                                                        7

V.    THE PSI GUIDELINE RANGE DETERMINATION FOR SENTENCE                 8

VI.   2005 and 2011 GUIDELINE COMPARISON FOR MARIJUANA
      EQUIVALENT                                                         9


      a. Guideline Computation(Before Amendments 706 and 750)

      b. 2011 Guideline Computation under Amendments 750 and 706

VII.  ORIGINAL GUIDELINE CALCULATION (2005)                             10

VII.  AMENDED GUIDELINE CALCULATION PER AMENDMENT
      750 AND 706                                                       10

IX.   THE COURT HAS AUTHORITY UNDER 18 U.S.C  §   3582(c)(2)
      REDUCE PETITIONER'S SENTENCE                                      12

X.    RETROACTIVITY OF AMENDMENT 750 AND AMENDMENT 706                  12

XI.   CONCLUSION                                                        20

      CERTIFICATE OF SERVICE                                            21

      TRIAL COURT'S OPINION DATED 12/17/2009                            22

      APPENDIX                                                          22

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKEY L. TALLEY,            ) | **Criminal No.: 03-511(RWR)** |
|                             ) | **(Hon. Richard W. Roberts)** |
|         Petitioner,         ) | |
|                             ) | |
|                             ) | |
|     versus                  ) | |
|                             ) | |
| UNITED STATES OF AMERICA,    ) | |
|                             ) | |
|         Respondents.         ) | |
|                             / | |

## MOTION TO REDUCE SENTENCE

### PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)

---

**COMES NOW**, the Petitioner, Rickey Talley, pro-se, respectfully moves the District Court to reduce his sentence pursuant to the United States Sentencing Commission's Amendment 750, making the § 2D1.1 sentencing guidelines retroactive in reference to the Fair Sentencing Act, thereby reducing the penalties related to cocaine base. The Petitioner's applicable sentencing range has been lowered by the amendment, making him eligible for a sentence reduction. "Pro-se filings however unskillfully pleaded, must be liberally construed." See, **Noble v. Barnett**, 24 F.3d 582 (4th Cir. 1994)(citing **Haines v. Kerner**, 404 U.S. 519 (1972)).

1



RECEIVED
Mail Room

DEC 1 9 2011

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## THE FAIR SENTENCING ACT

In 2010, Congress passed the Fair Sentencing Act(FSA) with nearly unanimous bipartisan consent in both houses and with the support of the White House and Department of Justice. Congress sent this legislation to the President to correct a manifest injustice for the past 23 years. That injustice was commonly known as the 100-to-1 ratio for cocaine base, which began in 1987 with the Sentencing Reform Act. In 1987, the United States Sentencing Commission (the "Sentencing Commission') implemented a federal sentencing guideline chart (Original Quantity Table in § 2D1.1(a)), which mandated sentencing penalties 100 times harsher for cocaine base (crack), than that of cocaine hydrochloride (powder form). Since the inception of the 100-to-1 guidelines, proponents, advocate groups, and lawmakers alike protested the harsher penalties for the cocaine base sentencing. Those proponents demonstrated that cocaine in the powder form versus cocaine in the crack form was no more addictive or harmful in the crack form.

Many former Prosecutors, Judges, Lawyers, and Law Professors have testified before Congressional Committees and the Sentencing Commission since 1992 demonstrating that crack cocaine profiling and the 100-to-1 ratio created a discriminatory system:

(*Though African Americans constitute 13% of the United States' monthly drug users, they represent 35% of those persons arrested for drug possession, 55% of drug possession convictions, and 74% of those sentenced to prison for drug possession. *Under federal legislation enacted in 1986, it takes 1/100 as much crack cocaine as powder cocaine to trigger equal mandatory minimum sentences. In 1995, although American crack users were 52% Whites and 38% African Americans, Black accounted for 88% of those sentenced for crack offenses and

Whites just 4.1%).  **See, "Substance Abuse Counseling, by Robert Q Dana, Gregory A. Blevins 2010 Edition.**

Scientist, Chemist, and Medical Experts have continuously through the years informed lawmakers that the crack form of cocaine had no greater harm than the powder form. Momentum finally took hold in 2007 when the Sentencing Commission introduced a 2-level retroactive reduction in sentences for crack cocaine defendants. This reduction to guideline levels for crack sentences by two base offense levels was applied pursuant to Amendment 706. Then in 2010 Congress introduced the Fair Sentencing Act (FSA). The FSA increased the amounts of crack cocaine that trigger mandatory minimum sentences for federal crack cocaine crimes, in effect lowering crack sentences. The FSA also narrowed the ratio between powder and crack cocaine offenses from 100:1 to 18:1 and directed the Sentencing Commission to change the Federal Sentencing Guideline to correspond to the FSA's changes to the mandatory minimums. In addition, the Commission was also directed to amend the guidelines to add certain enhancements and reductions that apply to all federal drug sentences. Proponents still decry a 1-to-1 ratio is the justice required, however, the Sentencing Commission amended the crack guidelines pursuant to the FSA directives, and on June 30, 2011, the Commission voted unanimously to implement Amendment 748 (now 750) and make it retroactive.

("In passing the Fair Sentencing Act, Congress recognized the fundamental unfairness of federal cocaine sentencing policy and ameliorated it through bipartisan legislation. Today's action by the Commission ensures that the longstanding injustice recognized by Congress is remedied, and that federal crack cocaine offenders who meet certain criteria established by the

Commission and considered by the courts may have their sentences reduced to a level consistent with the Fair Sentencing Act of 2010.") See, **Testimony of Chair Person for the United States Sentencing Commission, The Honorable Judge Patti Saris, June 20, 2011.**

## FACTUAL BACKGROUND AND FINDINGS

On October 20, 2003, Petitioner Talley was arrested.

On November 18, 2003, Petitioner was charged by a two-count Superseding information    with Count 1, Conspiracy to Distribute and Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, 21 U.S.C.  §§ 846, 841(a)(1); and Count 2 Conspiracy to Distribute and Possession with Intent to Distribute 1000 Grams or More of Phencyclidine, 21 U.S.C.  §§ 846, 841(a)(1) and (b)(1)(A)(iv).

On November 21, 2003, Petitioner pled guilty to Counts 1 and 2 of the Superseding    information .  Pursuant to the Presentence Investigative Report (PSI) dated 5/01/2006, revised 9/19/06 and prepared by Valencia Fletcher, United States Probation Officer (USPO), for Judge Richard W. Roberts, the statutory provisions for Counts 1 and 2 requires that the minimum term of imprisonment on each count is 10 years, while the maximum term of imprisonment is life for these class A felonies. 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii) and (iv): and, the guideline provision for Counts 1 and 2, based on a total offense level of 35 and a criminal history category of I, the guideline range for imprisonment was 168 to 210 months. **See USSG Chapter 5, Part A.**

On December 12, 2003, the Court released the petitioner under DC trial supervision. According to DC Pretrial Services, Petitioner Talley was compliant with his conditions and all

4

random test submitted were negative.

On January 24, 2006, the Court revoked Petitioner Talley's bond and remanded him to custody.

On September 19, 2006, consistent with the findings of the revised Presentence Investigation Report and pursuant to the 2005 U.S. Sentencing Guidelines Manual in conjunction with the March 27, 2006 Supplement, the District Court sentenced Petitioner to 168 months on each count to run concurrently. **See, Court's Op.** Petitioner Talley's total offense level under the 2005 U.S. Sentencing Guideline manual was 37 and his criminal history category was I, which resulted in a guideline range of 210-262 months. At sentencing, after the Court's consideration of the sentencing facts under 18 U.S.C. §3553(a), a downward departure reduced the total offense range to 35, yielding a guideline range of 168-210 months.

The Court's judgment was entered October 5, 2000. Petitioner Talley did not appeal the judgment against him.

On November 13, 2007, Petitioner, through counsel, filed an untimely motion under 28 U.S.C. § 2255, rather than by the deadline of October 20, 2007. Nevertheless, within the Court's discretion it addressed Sixth Amendment claims as to ineffective assistance of counsel, and in particular to the instant motion, a claim of denial of due process as to relief pursuant to the lowered sentencing guidelines for crack cocaine offenses. The Court stated that "while Mr. Talley's attack on the original sentencing guidelines for crack cocaine offenses has some merit, the lowered guidelines make no difference in the adjusted offense level applicable to the offense. **United States v.**

5

**Rickey Lamont Talley, 674 F.Supp.2d 221, 227; 2009 U.S. Dist.**

**Lexis 117999.** The Court in its reasoning found and stated the

following:

"Talley's guideline level was the result of a higher-scoring quantity of PCP and a lower-scoring amount of **crack** cocaine. The amended guidelines reduced the **combined** controlled substance[.]" U.S.S.G § 2D1.1 n.10(D)(i)(2009). However, "[t]he 2-level reduction provided in subdivision (i) shall not apply in a case in which...the 2-level reduction results in a **combined offense level** that is less than the **combined offense level** that would apply under controlled substance(s) other than cocaine base)." U.S.S.G. § 2D1.1 n.10(D)(ii)(2009). In Talley's case, the PCP quantity alone, which scored as equivalent to 40,000 kilograms of marijuana, produced an offense level of 38. U.S.S.G. § 2D1.1(2009)(assigning a base offense level of 38 to 30,000 kilograms or more of marijuana). Combining the **crack** cocaine, which was scored as equivalent to 10,000 kilograms of marijuana, and the PCP also results in an offense level of 38.(Id.) Applying the two-point reduction in the amended guidelines would result in a **combined offense level** of 36, which is lower than the base offense level for the PCP quantity alone, and would contravene § 2D1.1 n.10(D)(ii). Therefore, the amended guidelines produce no change in Talley's total adjusted offense level, and afford him no relief."

**Talley at 174 F.Supp. 2d 227, 228.**

On June 30, 2011, the United States Sentencing Commission made the Fair Sentencing Act retroactive for defendants who were sentenced prior to August 3, 2010, pursuant to U.S.S.G. Amendment 750. The Sentencing Commission further instructed that the Amendment would not take effect until November 1, 2011.

## THE AMENDED GUIDELINE RANGE PURSUANT TO AMENDMENT 750 AND 706

On June 30, 2011, the United States Sentencing Commission voted to give retroactive effect to the amendment, reducing cocaine base sentencing ranges by adding this amendment to the list of amendments in U.S.S.G. § 1B1.10, effective November 1, 2011.  The Sentencing Commission amended and lowered the base offense levels to an 18-to-1 ratio (powder-to-cocaine base) for offenses involving cocaine base.  U.S.S.G., Supplement to Appendix C, Amendment 750.  In addition, and of particular significance to Petitioner Talley's offense level computation, the "Sentencing Commission" amended the following provisions:

*       The Commentary to  § 2D1.1 captioned "application notes" was amended in Note 10 by striking subdivision (D), Determining Base Offense Level in Offenses Involving Cocaine Base and Other Controlled Substances, and by redesignating subdivision (E), Drug Equivalency Tables as subdivision (D); and

*       The Commentary to §  2D1.1 captioned "Application Notes" was amended in Note 10(D), as redesignated by the amendment, in table captioned "Cocaine and Other Schedule I and II Stimulants (and their immediate precusors)" in the line referenced to cocaine base by striking "20kg" and inserting "3,571gm."

In essence, 1gm cocaine base is no longer equivalent to 20kg of marijuana, but equivalent instead to 3.571kg marijuana. It is noteworthy that § 2D1.1 n.10(D), which the District Court applied in its analysis to determine that Petitioner Talley was ineligible for a two-level reduction pursuant to Amendment 706, has been repealed in its entirety under Amendment 750-- eliminating any direct correlation to the equivalent base offense level alone of another controlled substance to its combination with cocaine base in order to grant a petitioner relief.

### THE PSI GUIDELINE RANGE DETERMINATION FOR SENTENCING

The Court used the 2005 edition of the Guideline Manuel, in conjunction with the March 27, 2006 Supplement to determine Petitioner's Offense Level Computation as follows:

**Base Offense Level:** The PCP and cocaine base offense were converted to their marijuana equivalency to obtain a single offense level. The total amount of drugs converted to a marijuana equivalency of 50,000. The base offense level of 38 because the offense involved the equivalency of 30,000 kilograms or more of marijuana. USSG § 2D1.1(a)(3) and (c)(2).                    **38**

**Specific Offense Characteristic:** As set forth above, the defendant was in possession of four weapons as it relates to the offense conduct. USSG § 2D1.1(b)(1).                              **+2**

**Victim Related Adjustments:** None.                                0

**Adjustment for Role in the Offense:** None.                        0

**Adjustment for Obstruction of Justice:** None.                     0

**Adjusted Offense Level(subtotal):**                               40

**Chapter Four Enhancements:** None                                  0

**Adjustment for Acceptance of Responsibility:** The defendant demonstrated an acceptance of responsibility for the offense of conviction, and the adjusted offense level is decreased two levels. USSG § 3E1.1(a). In addition, the defendant assisted authorities in the investigation/prosecution of the misconduct by timely notifying authorities of his intent to enter a plea of guilty and the government has filed a motion or indicated it intends to file a motion acknowledging the defendant's actions. As a result, the adjusted offense level is decreased an additional level. USSG  § 3E1.1(b).                                   **-3**

### Total Offense Level:                                             37

As previously stated, the Total Offense Level of 37 was reduced to 35 pursuant to the Court's consideration of a 2-point reduction. **United States v. Rickey Lamont Talley, 674 F.Supp, 2d 221; 2009 U.S. Dist. LEXIS 117999.**

## 2005 and 2011 GUIDELINE COMPARISION FOR MARIJUANA EQUIVALENTS

### 2005 Guideline Computation (Before Amendments 706 and 750)

```
PCP Equivalency (40,000gm x 1kg)          =        40,000kg
Cocaine Base Equivalency(500gm x 20kg) =        10,000kg

Total PCP and Cocaine Base Equivalency =         50,000kg
```

Note: Base Offense Level for 50,000kg Marijuana Equivalency is 38.(over 30,000kg marijuana) USSG § 2D1.1(c)(2).

Base Offense Level Cocaine Base Equivalency alone is 36.

Table: Marijuana Equivalency

1. 1gm Cocaine Base = 20kg Marijuana
2. 1gm PCP          kg Marijuana

### 2011 Guideline Computation under Amendments 750 and 706

```
PCP Equivalency (40,000gm x 1kg)            =        40,000kg
Cocaine Base Equivalency (500gm x 3.571kg) =         1,786kg

Total PCP and Cocaine Base Equivalency      =        41,786kg
```

Note: Base Offense Level for 41,786kg Marijuana Equivalency is 38.(over 30,000 kg marijuana) USSG §2D1.1(c)(3).

Base Offense Level Cocaine Base Equivalency alone is 32.

Table: Marijuana Equivalency

1. 1gm Cocaine Base = 3,571gm Marijuana (or 3.571 kg).
2. 1gm PCP = 1kg Marijuana.

## ORIGINAL GUIDELINE CALCULATION (2005)

| | |
|---|---|
| Base Offense Level | 38 |
| Specific Offense Characteristics | +2 |
| Adjusted Offense Level (subtotal) | 40 |
| Adjustment for Acceptance of Responsibilty | |
| (USSG  § 3E1.1(a)(B)) | -3 |
| Total Offense Level | 37 |
| Court 3553(a) factor reduction | -2 |
| Guideline Offense Level | 35 |

| | |
|---|---|
| Criminal History Category | Category   I |
| Guideline Range | 168-210    months |
| Sentence Imposed | 168 months (concurrent) |

## AMENDED GUIDELINE CALCULATION PER AMENDMENT 750 AND 706

| | |
|---|---|
| Base Offense Level | 38 |
| Specific Offense Characteristics | +2 |
| Adjusted Offense Level (subtotal) | 40 |
| Adjustment for Acceptance of Responsibility | -3 |
| Total Offense Level | 37 |
| Court 3553(a) factor reduction | -2 |

| | |
|---|---|
| Original Guideline Offense Level | 35 |
| Amendments 706, 750; 3553(a) | -2 |
| Adjusted Offense Level (Amended) | 33 |

| | |
|---|---|
| Criminal History Category | Category I |
| Guideline Range (Amended) | 135-168 months |
| Sentence Proposed | 135 months |

The Court originally imposed a sentence of 168 months to run concurrently, which fell at the low end of the guideline range.  Because Amendment 750 repealed the provision  §     2D1.1

n.10(D), the retroactive application of Amendment 706 to Mr. Talley's case is no longer in contravention to this provision, which before denied his relief. (A 2-level reduction to offense level).

Specifically, by implication, the Commission's striking of § 2D1.1 n.10(D) fulfills the Congressional purpose and intent behind the FSA to create fairness in sentencing, by the promulgation of guideline amendments mandated by the "ACT" to address inequitable sentences. In essence, the only means by which the legislative intent and binding "Commission" policy objectives can be met, as interpreted through its Commentary and Application Notes, is by the removal of arbitrary impediments that safeguard disparate and discriminatory effects from crack cocaine sentencing. Thus, the residual effect of striking § 2D1.1 n.10(D) was to achieve that purpose--whereas before a petitioner could not avail themselves to relief pursuant to the basic 2-level reduction provided through Amendment 706 ("crack minus 2 amendment).

The overriding goal of the Congressional Commission upon promulgating Amendment 706 was to begin addressing the manifest injustice inherent in crack sentencing guidelines and provide some modicum of relief to offenders previously ineligible, yet unfairly sentenced under the 100 to 1 cocaine to cocaine base (crack) ratio. Enactment of the Fair Sentencing Act and retroactive Amendment 750 and 706 to the guidelines, conjoined, achieved that result and make select offenders sentenced before November 1, 2011 eligible for sentence reductions under the revised guidelines.

## THE COURT HAS AUTHORITY UNDER 18 U.S.C. § 3582(c)
## TO REDUCE PETITIONER'S SENTENCE

This district court is authorized to reduce the term of imprisonment imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. **Title 18 U.S.C. § 3582(c)(2)** provides in part:

(c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that ...

(2) in that case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section § 3553(a) to the extent that they applicable, if such reduction is consistent with applicable policy statements issued by the sentencing commission...

## RETROACTIVITY OF AMENDMENT 750 AND AMENDMENT 706
**§ 1B1.10 Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)**

**(a) Authority**

(1) In General. In a case in which a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment

as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2), if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.  Consistent with subsection(b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

**(b) Determination of Reduction in Term of Imprisonment**

(1) In General.  In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

Mr. Talley was originally determined in September 2006 to be responsible for a combined marijuana equivalency, representing PCP and cocaine base ("crack"), of 50,000 kilograms (40,000 and

13

10,000 respectively). Evident from the calculation provided above, though the Guidelines under Amendment 750 reduced his marijuana equivalent for cocaine base to 1,786kg versus 10,000kg, and the base offense level for the cocaine base to 32 from 36--a four level reduction--the combined base offense level remained at 38 due to the 40,000kg PCP equivalent for marijuana. However, pursuant to 3582(c)(2) and application of U.S.S.G. § 1B1.1(b), upon substitution of listed amendments 750 and 706 the determination as to what the guideline would have been at the time Mr. Talley was sentenced would have been 33 with the 2-level reduction--leaving uneffected all other guideline decisions. Specifically in view of Amendment 750, the remedial impact on retroactive Amendment 706--in particular, striking § 2D1.1 n.10(D)--is consistent with Congress' intent, its delegation of discretion to the Commission, and Supreme Court rulings regarding an advisory guideline system with a mandate to include avoiding unwarranted sentencing disparites.

The Supreme Court in **United States v. Booker, 543 U.S. 220 (2005)**, concluded that an advisory guideline system would "continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparites while maintaining flexibility sufficient to individualize sentences where necessary." **id. at 204-05.** Nevertheless, the district courts, while not barred to apply the Guidelines, must ... take them into account when sentencing. **Booker, 543 U.S. at 264; Rita v. United States, 127 S.Ct. 2465** (2007)(stating that a district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range); **Gall v. United**

**States, 128 S.Ct. 586, 596 (2007)**("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). Therefore, in determining the appropriate sentence in [Petitioner's] case, the district court must consider the properly calculated guideline range, the grounds for departure provided in the policy statements, and then the factors under 18 U.S.C. § 3553(a). **See Rita, 127 S.Ct. at 2465.**

Such juridical guidance can only have but one intended end as it applies to the anomaly present in Mr. Talley's case--whereby his base offense level for cocaine base alone is reduced 4 levels to 32 pursuant to Amendment 750, yet the level when combined with PCP, absent the repeal of § 2D1.1 n.10, would remain at 38--that is to redress the impediment presented by § 2D1.1 n.10 when formerly applied for the 2 level reduction under Amendment 706; and, find as a baseline for eligibility the existence of less than 4.5 kg of cocaine base, and allow for the court within its jurisdiction to grant relief. Ostensibly, both Counts carry a mandatory minimum of 10 years individually, and as a singularly combined offense for a Category I offender the combined marijuana equivalent would be subject to a 10 year mandatory minimum as well. Moreover, at sentencing they were run concurrent. Thus, continuing treatment of the combined offenses as a singular offense for purposes of a 2 level reduction provided in Amendment 706, now revised pursuant to Amendment 750, would fairly include the proscribed prevailing circumstance found that increased Petitioner's offense level by 2-points, and also would fairly consider the mitigation prescribed and promulgated to address

15

cocaine base disparities as contemplated by the FSA, and Guideline Policy Statements. It stands to reason that if the guidelines, though advisory, require upon the Court's initial calculation of a sentencing range for offenders charged with cocaine base and another controlled substance, to combine them per marijuana equivalency tables and make then into one offense for sentencing purposes, that any act on the part of Congress or the Commission--within its delegated powers--to reduce the penalty as a policy objective should apply equitably to the singularly created offense and not operate to deprive an otherwise eligible Petitioner. In fact, without this Court's authority to redress this matter, even if cocaine base were charged to a ratio of 1 to 1 with cocaine powder Mr. Talley's base offense level would not change and this calculation alone could deny him relief. Clearly, such an anomalous outcome is inconsistent with the legislative intent of the Congress and promulgated policy objectives of the Commission. Moreover, the Fair Sentencing Act of 2010 itself would be impotent and ineffective in achieving its goal--"fairness in sentencing." The Guidelines provide sentencing ranges for particular offenses, circumstances, and characteristics of the defendant, and provide for departures in unusual cases where the Guidelines did not fully incorporate the circumstances of a particular case. **U.S.S.G. §1A.1, Pt.A, comment. (n.4(b))**, policy statement. District judges are specifically authorized and encouraged to depart from an otherwise applicable guideline when it encounters an "atypical case". **Id.**

In the District Court for the District of Columbia, judges

have expressed their authority or interpreted the Supreme Court in **Kimborough v. United States, 128 S.Ct. 558 (2007)** and **Spears v. United States, 129 S.Ct. 840 (2009)** to use their discretion to vary from the crack guidelines "based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case."United States v. Anthony T. Lewis, 623 F.Supp.2d 42; 2009 U.S. Dist. Lexis 48081 (citing Spears at129 S.Ct. 843); See **United States v. Pickett, 475 F.3d 1347, 1356 (DC Cir. 2007)(where the DC Circuit not only concluded that sentencing judges have discretion under Booker to consider a 20 to 1 ratio-- rather than apply rigidly the 100 to 1 ratio embodied in the crack guidelines--but suggested it would be an abuse of discretion for a judge not to at least consider a 20 to 1 ratio.)** In **Lewis,** the district court, mindful of the existing U.S. Sentencing Guideline Manual in its initial calculation of defendant's sentencing range, ultimately adopted a 1-to-1 crack-to-powder ratio for crack cocaine cases and upon consideration of defendant's long criminal career and mitigating factors such as steps taken in prison to turn his life around like earning his GED, taking Spanish language classes, and completing a 48 hour drug treatment program, reduced his original sentence from 162 months to 130 months imprisonment pursuant to the relevant factors set forth in 18 U.S.C. § 3553(a).

In 2010, the Supreme Court in **Dillon v. United States, 130 S.Ct. 2683(2010),** clarified **Booker** holding that **Booker** does not apply to § 1B1.10(b) as advisory; and stated that a court must follow the Commission's instructions in § 1B1.10 to impose a

17

prison term within the amended guideline range unless the sentencing court originally imposed a below guideline sentence. § 1B1.10(b)(2). Notably, Mr. Talley's originally imposed sentence was below the guideline's range.

Mr. Talley is now eligible for such consideration and relief as contemplated under the Fair Sentencing Act and Guidelines. Moreover, the Guidelines, Chapter Six, Part B addresses the Court's authority to grant such relief in regard to petitioners who plead as follows:

Policy statements governing the acceptance of plea agreements under Rule 11(c), Fed.R.Crim.P., are intended to ensure that plea negotiations practices:

(1) promote the statutory purposes of sentencing prescribed in 18 U.S.C. § 3553(a); and (2) do not perpetuate unwarranted sentencing disparity.

These policy statements make clear that sentencing is a judicial function and that the appropriate sentence in a guilty plea case is to be determined by the judge.

The application notes to the policy statements direct the Court to consider public safety and post-sentencing conduct when imposing a reduced sentence. U.S.S.G §1B1.1, comment n.1(B)(ii) and (iii). The Court's exercise of its authority under 18 U.S.C. §3582(c) to reduce Mr. Talley's sentence would also be consistent with these considerations.

Among other things, Mr. Talley's post-conviction conduct has demonstrated on extraordinary commitment towards self-rehabilitation. He has been a ward of the Bureau of Prison for over 6 years, and his adjustment exemplary. His record has been without blemish and his custody classification rewards him out custody status at a Federal Prison Camp. Moreover, for nearly 2 1/2 years while on bond Mr. Talley was gainfully employed as

an Administrative Legal Assistant at the Mills Corporation, Reston Virginia and fully complied with his supervised release requirements before being remanded back into custody. **See Exhibit A.** In consideration of the time he has served and rehabilitative goals achieved, and the length of time that remains, he submits that any reduction in his sentence would not pose a risk of danger to the public. **See Exhibit B Affidavit.**

Specifically, Mr. Talley has completed the 500 hour residential drug treatment program. He has taken advantage of an array of educational opportunities available to him, completing advanced courses in Spanish (now proficient), electronics, computer skills, money management and obtaining a commerical drviers license with an aim toward increasing his employability upon release from incarceration. In addition, Mr. Talley has been certified as a tutor to assist other inmates. Of equal importance to Mr. Talley are courses taken in the area of personal development such as Parenting, Parenting-Fatherhood Reading, Reflections, and 7 Habits of Highly Effective People. **See Exhibit C.**

On February 12, 2009, Mr. Talley married his fiancee, and mother of his 6 year of son, at FCC Petersburg Camp to root his commitment to change not in just himself, but also in the development of a family unit--and to start first there living by example. **See Exhibit D.** Based on the steps taken thus far, Mr. Talley has demonstrated a need and desire to be an asset to his family and community. His goal is to return to society, a rehabilitated, stable, and productive individual--and is equipping himself to do so.

## CONCLUSION

This Court originally imposed a sentence of 168 months based on a total offense level of 35. Based on the foregoing, in particular, Amendments 750, 706, the Commentary and Application Notes promulgated by the Commission pursuant to the legislative intent of Congress under the Fair Sentencing Act, Mr. Talley prays that that Court exercise its full authority, consistent with Circuit precedent, and grant a 2-level reduction to a total offense level of 33, or any other such relief as the Court deems appropriate.

Date: 11·30·11                                  Respectfully submitted,


Rickey L. Talley
Petitioner,      Pro-se
FCC   Petersburg(Camp)
P.O. Box 1000
Petersburg,  VA   23804

## CERTIFICATE OF SERVICE

I, Rickey L. Talley, hereby certify that the foregoing MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) was deposited through the Internal Mail System at FCC Petersburg Camp on this 16 day of December 2011 via first-class mail, postage prepaid and duly served on the following party:

Ronald C. Machen Jr.
United States Attorney
555 4th Street N.W.
Washington, DC 20530

Respectfully submitted,

Rickey L. Talley
Petitioner, Pro-se
FIN 27087-016
FCC Petersburg-Camp
P.O. Box 1000
Petersburg, VA 23804