## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

UNITED STATES OF AMERICA,

v.

RICKEY LAMONT TALLEY,

*Defendant*.

</td><td>

Criminal Action No. 03 - 511 (SLS)

Judge Sparkle L. Sooknanan

</td></tr>
</table>

### MEMORANDUM OPINION & ORDER

Rickey Lamont Talley, proceeding pro se, asks this Court to expunge the record of his 2006 criminal conviction.[1] The United States opposes Mr. Talley's motion, arguing that he has not identified any statutory or equitable basis for that relief. For the reasons below, the Court agrees and denies Mr. Talley's motion.

### BACKGROUND

In November 2003, Mr. Talley pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, and one count of conspiracy to distribute and possession with intent to distribute 1,000 grams or more of phencyclidine. *See* Min. Entry (Nov. 21, 2003); U.S. Opp'n, ECF No. 84. In September 2006, a court in this District sentenced Mr. Talley to 168 months imprisonment followed by five years of supervised release. *See* Judgment, ECF No. 57. While incarcerated, Mr. Talley filed motions to vacate and reduce his

---

[1] In his motion, Mr. Talley "respectfully request[s] that the record in [this case] be shredded or sealed." Def.'s Mot., ECF No. 82. Although the word "expunge" does not appear in the motion and it is titled "Motion to Shred and Sealing of Records," "when a litigant proceeds *pro se*, courts must take particular care to construe the litigant's filings liberally, as such filings are held to less stringent standards than those drafted by lawyers." *United States v. Dews*, No. 97-cr-428, 2025 WL 1938164, at *2 (D.D.C. July 15, 2025) (citing *Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 84 (D.D.C. 2014)). Because Mr. Talley seeks relief that is effectively identical to the relief provided via expungement, the Court construes his motion as a motion to expunge.

sentence, both of which were denied. *See* Mem. Op. Den. Def.'s Mot., ECF No. 71; Ord. Den. Mot., ECF No. 79.

Mr. Talley has now filed a motion titled "Motion to Shred and Sealing of Records." *See* Def.'s Mot, ECF No. 82. His motion seeks expungement of his criminal record because "it has been over twenty (20) years" since the case was filed, "[he] has been a law abiding citizen[] since his release[]," and "the case has been adjudicated." *Id*. The United States opposes expungement. U.S. Opp'n. Mr. Talley's motion is ripe for review. *See* Def.'s Reply, ECF No. 87.

## LEGAL STANDARD

"[N]o 'standalone right to expungement of government records' is recognized in this Circuit." *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. DHS*, 787 F.3d 524, 536 (D.C. Cir. 2015)). The D.C. Circuit recognizes two paths to expungement: a statutory path and an equitable path. *See Dews*, 2025 WL 1938164, at *2 (citing *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C. Cir. 1979); *see also United States v. Derouen*, 279 F. Supp. 3d 298, 299 (D.D.C. 2018).

"Expungement of criminal records may be provided by either federal or state statute." *Douglas*, 282 F. Supp. 3d at 277. For example, 10 U.S.C. § 1565 outlines compulsory expungement of "the DNA analysis of a person . . . on the basis of a qualifying military offense [which] has been overturned." 10 U.S.C. § 1565(e). Equitable expungement is available through a court's exercise of its "inherent, equitable power to expunge arrest records" even without statutory authority. *Livingston v. DOJ*, 759 F.2d 74, 78 (D.C. Cir. 1985); *Dews*, 2025 WL 1938164, at *2. A court may exercise its equitable authority to expunge "a record of conviction" when doing so "is necessary to vindicate substantial rights provided by statute or organic law." *United States v. Spinner*, 72 F. Supp. 3d 266, 268 (D.D.C. 2014) (cleaned up). A defendant bears the burden of

2

showing that equitable expungement is warranted. *United States v. Wilson*, No. 98-mj-558, 2008 WL 2446134, at *1 (D.D.C. June 17, 2008) (citing *Webster*, 606 F.2d at 1231).

## DISCUSSION

Here, Mr. Talley has not established that expungement of his criminal record is warranted. He does not invoke any statutory basis for expungement. *See* Def.'s Mot. Nor has he shown that the Court should exercise its "inherent equitable authority." *Spinner*, 72 F. Supp. 3d at 268.

"Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances[.]" *United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014). "Expungement . . . may be an appropriate exercise of equitable powers when the criminal record involved 'either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances.'" *Douglas*, 282 F. Supp. 3d at 278 (quoting *Webster*, 606 F.2d at 1230). Mr. Talley has not identified such circumstances. He points to the passage of time, his law-abiding conduct in the years since he served his term of imprisonment, and his concerns about the collateral consequences of his conviction. *See* Def.'s Reply 2, ECF No. 87; Def.'s Mot. Although the Court does not doubt that Mr. Talley has been an upstanding citizen since his release in 2018, those factors alone are not sufficient to justify expunging the records of his arrest and conviction. *Cf., e.g.*, *Tatum v. Morton*, 562 F.2d 1279, 1281–83 (D.C. Cir. 1977) (recognizing expungement of arrest records was proper after 28 people were unlawfully arrested while participating in a peaceful prayer vigil outside the White House); *United States v. Benlizar*, 459 F. Supp. 614, 615–17 (D.D.C. 1978) (authorizing expungement of an arrest and conviction after "extreme violations by the government of the defendant's rights" such as the destruction of discoverable and potentially exculpatory evidence). The Court acknowledges the collateral consequences Mr. Talley faces because of this conviction, but "[t]he mere existence of those consequences, even when taken in combination with exemplary

rehabilitation, does not rise to the level of the extreme or exceptional circumstances" which may warrant expungement. *United States v. Davis*, No. 72-cr-342, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006).

Because Mr. Talley has not identified a sufficient statutory or equitable basis for expungement, the Court must deny his motion.

## CONCLUSION

For these reasons, the Court **DENIES** Mr. Talley's Motion to Shred and Sealing of Records, ECF No. 82. This is an appealable final order.

**SO ORDERED.**

 

SPARKLE L. SOOKNANAN
United States District Judge

Date:   July 29, 2026

4